HARRIS, Judge.
On Friday, September 4, 1987, Mary Frances Rogers (Mary) told David Michael *1082 Truitt (Michael) that she was pregnant with his child. Michael was not thrilled; Mary was upset. Michael and Mary talked only for a few minutes, but agreed to discuss the matter further after Michael’s weekend fishing trip. During the weekend, Michael told Michael Pendergast and Aaron Hokan-son that Mary “was carrying his child.”
On Sunday, September 6, upon returning from his fishing trip, Michael was working under a car in his father’s driveway. The car fell and Michael was seriously injured. He was comatose from that day until April 25, 1988 when he died. David Gaines Truitt was born on March 31, 1988.
Mary, as personal representative of Michael’s estate, filed an action for wrongful death against Ras Eugene Truitt and Ida Mae Truitt, Michael’s parents. Upon motion, the trial court granted summary final judgment in favor of the Truitts. We reverse.
The issue in this case is whether section 768.18(1), Florida Statutes (1987) precludes Michael’s illegitimate child from being a “survivor” and thus protected by the Florida Wrongful Death Act.[1] Section 768.-18(1) provides:
“Survivors” means the decedent’s spouse, minor children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the illegitimate child of a mother, but not the illegitimate child of the father unless the father has recognized a responsibility for the child’s support. [Emphasis added.]
The issue, of course, is what must the father do to “recognize a responsibility for the child’s support?” In framing the issue in this manner, it is apparent that we find this provision ambiguous and in need of statutory construction. The Truitts argue that Michael must not only have acknowledged paternity of the child but also that he was responsible for its support. That is too narrow a reading of the statute because if Michael admits (acknowledges) paternity, he has, ipso facto under the laws of this state, recognized responsibility for the child’s support.
Chapter 742, Laws of Florida (1989) deals with the determination of paternity when that issue is in dispute. Under this chapter, any woman who is pregnant or who has a child may petition the circuit court[2] to determine from allegations sufficiently “charging the paternity of the child”[3] whether a particular person is the father. The court shall determine the issue of paternity and “shall order either or both parents owing a duty of support to the child to pay support pursuant to Section 61.30.”[4]
We hold that acknowledging paternity is a sufficient recognition of an obligation of support to make the child a “survivor” under the act. The Florida Wrongful Death Act requires us to liberally construe such act, including the definition of “survivors,” in order to carry out “the public policy of the state to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer.” [5] Because we find that the record creates at least a factual issue as to Michael’s acknowledgment of paternity (as well as his actual paternity), we hold that the summary judgment was improper.
REVERSED and REMANDED.
PETERSON and GRIFFIN, JJ., concur.

. Because of the limited issue presented by this appeal, we will assume that Mary’s child is, in fact, Michael’s. The record indicates that Michael acknowledged that he was the father of the child to two of his friends. Whether the court will require an HLA test is up to the trial court. In any event, Michael must be determined to be the father of this child to the satisfaction of the court.

. § 742.011, Fla.Stat. (1989).

. § 742.021, Fla.Stat. (1989).

. § 742.031, Fla.Stat. (1989).

. § 768.17, Fla.Stat. (1989).